## Case No. 41.

### In re ADAMS.

[5 Ben. 544.][1]

District Court, S. D. New York. March, 1872.

BANKRUPTCY—NOTICE TO CREDITORS—MARSHAL'S RETURN.

A return of the marshal that he had "sent written or printed notices to the creditors named on the schedules, and herewith returned, which schedules were made up by him on the best information he could obtain in respect thereto, after diligent search," is sufficient.

In bankruptcy. The marshal, as messenger in this case, made return to the warrant, that he had "sent written or printed notices to the creditors named on the schedules, and herewith returned, which schedules were made up by him on the best information he could obtain in respect thereto." At the meeting of creditors, one of them objected to the return, as being insufficient, in the absence of any statement that the bankrupt had not delivered to the marshal a schedule of his creditors, or had refused to deliver such schedule, or that any proceedings had been taken ineffectually to compel him to deliver such schedule, and in the absence of any statement showing the sources of the marshal's information. The register certified the question to the court, with his opinion that the return was sufficient.

BLATCHFORD, District Judge. I concur in the view of the register.

---

## Case No. 42.

### In re ADAMS.

[6 Ben. 56.][1]

District Court, S. D. New York. April, 1872.

EXAMINATION OF WITNESS—FORM OF OATH.

An attorney, who is called as a witness in a proceeding in bankruptcy, is not entitled to add to the oath which he takes a reservation of a right to refuse to answer any question on the ground of privilege as the attorney or counsel of the bankrupt.

[See note at end of case.]

In bankruptcy. On the application of the assignee in bankruptcy in this case, a summons was issued to an attorney to appear as a witness. He appeared before the register on the 16th of March, 1872, and was sworn in these words: "I do solemnly swear that I will make true answer to all such questions as may be proposed to me respecting all the property of the said James M. Adams, the bankrupt above named, and all dealings and transactions relating thereto, and will make a full disclosure of all that has been done with the said property, to the best of my knowledge, information and belief; and that I will make true answers

[1][Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

to all questions which may be put to me relating to the disposal or condition of the said property of the said bankrupt, to his trade and dealings with others, and his accounts concerning the same, to all debts due to or claimed from him, and to all other matters concerning his property and estate, and the due settlement thereof according to law, reserving my right to refuse to answer any question in regard to such matters on the ground of privilege as the attorney and counsel of said Adams, which I may not be able to answer except in consequence of my retainer as such attorney and counsel, and from information derived from my client as such." The examination was adjourned till the 18th of March, when the witness appeared. The assignee refused to proceed with the examination of the witness under the oath which he had taken. The witness then proposed to take an oath in the following form: "I, being duly sworn in regard to the matters now pending before the said register, say, &c." To this the assignee objected. The register certified the question to the court.

BLATCHFORD, District Judge. The proper form of oath is the first, without the reservation added to it. The assignee was right in declining to proceed with the examination of the witness under the oath administered March 16th, 1872, and in objecting to the witness being sworn in the form proposed by the witness.

[NOTE. The attorney of a bankrupt cannot refuse to be sworn, on the ground of privilege, nor can he object till some question is asked which invades such privilege. In re Woodward. Case No. 17,999. For instances in which certain questions were held to be proper, see In re Aspinwall, Id. 591.

---

## Case No. 43.

### In re ADAMS.

[3 N. B. R. 561, (Quarto, 139.)]

District Court, D. Massachusetts.

BANKRUPTCY—DISCHARGE—FRAUD—EVIDENCE.

[A debtor, carrying on business through agents in the country at large, made, in January, several conveyances to his wife, and, in the following May, filed his voluntary petition in bankruptcy. He was insolvent at the time of the transfers to his wife, but claimed that he did not know it, as he had not then settled with his agents. Held, considering his duty to know the state of his affairs, the short time that elapsed between the conveyances and the filing of the petition, the great improbability of his story, and the fact that he and his wife had not attempted to repair the error, that he was not entitled to a discharge.]

[Cited in Re Rainsford, Case No. 11,537.]

[In bankruptcy. Application by Reuben A. Adams, a bankrupt, for discharge from his debts. Denied.]

E. Avery, for the bankrupt.
J. D. Ball, for the creditors.